**Opinion filed January 14, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00148-CR

_____

## SELVIN GIOVANNA FUENTES, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CR12333**

### M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment adjudicating guilt. We dismiss.

Selvin Giovanna Fuentes originally entered a plea of guilty to the offense of sexual assault of a child under the age of seventeen. Pursuant to the plea bargain agreement, the trial court deferred the adjudication of guilt, placed appellant on community supervision for ten years, and assessed a $1,000 fine. At the hearing on the State's motion to adjudicate, the trial court found that appellant had violated the terms and conditions of his community supervision, revoked his community supervision, adjudicated his guilt, and assessed his punishment at confinement for ten years.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided appellant with a copy of the brief and advised appellant of his right to review the record and file a response to counsel's brief. A response has been filed. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

In his response, appellant contends that his trial counsel provided ineffective assistance at the time he entered his original plea of guilty and that the punishment imposed after his guilt was adjudicated "grossly overrepresent[ed] the seriousness of the actual circumstances of this case." The Texas Court of Criminal Appeals stated in *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005), that the court of appeals is to review appellant's pro se claims and examine the record in order to determine whether the record reflects no reversible error and the appeal should be dismissed or whether arguable grounds exist and new counsel should be appointed. We have complied with the requirements in *Bledsoe* and have found no reversible error.

Following the procedures outlined in *Anders*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review by the Texas Court of Criminal Appeals. *Ex parte Owens*, 206 S.W.3d 670 (Tex. Crim. App. 2006). Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 66. *Black v. State*, 217 S.W.3d 687 (Tex. App.—Eastland 2007, no pet.).

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

January 14, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.